IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SCOTTY B. LYLES,                                                             PETITIONER

v.                                             CIVIL ACTION NO.: 1:14cv17-MPM-DAS

STATE OF MISSISSIPPI,                                                         RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the pro se petition of Scotty B. Lyles, Mississippi prisoner # R4387, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as time-barred pursuant to § 2244(d), and Petitioner has responded. The matter is now ripe for resolution. For the reasons set forth below, Respondent's motion is granted, and the instant petition will be dismissed with prejudice.

### Facts and Procedural History

Petitioner was convicted of false pretense in the Circuit Court of Oktibbeha County, Mississippi. By order entered on April 25, 2007, he was sentenced as an habitual offender to serve a term of life in the custody of the Mississippi Department of Corrections (Circuit Court No. 2006-0193-CR). (R. Mot. to Dismiss, Ex. A). Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, and the case was assigned to the Mississippi Court of Appeals. On May 19, 2009, the Mississippi Court of Appeals affirmed the judgment of the circuit court. (*Id.*, Ex. B); *see also Lyles v. State*, 12 So. 3d 532 (Miss.Ct.App. 2009) (No. 2007-KA-00993-COA). According to Respondent, Petitioner subsequently filed a "Motion for Enlargement of Time to File Motion for Rehearing," but no motion for rehearing was ever filed.

1

(R. Mot. to Dismiss at 3).

On July 2, 2012, Petitioner filed in the Mississippi Supreme Court an "Application for Leave to Proceed in the Trial Court" on a motion for post-conviction relief. (R. Mot. to Dismiss, Ex. C) (No. 2012-M-01061). By order signed on December 13, 2012, the Mississippi Supreme Court granted Petitioner leave to proceed in the trial court on his claim that his due process rights were violated when his indictment was amended after trial to charge him as an habitual offender. (*See id.*, Ex. E). On September 17, 2013, the circuit court dismissed the motion for post-conviction relief. (*See id.*, Ex. F). According to the public docket entries of the Mississippi Supreme Court Clerk's Office, Petitioner did not appeal this decision. *See* http://courts.ms.gov/appellate_courts/generaldocket.html (search by name "Scotty Lyles" and select No. 2012-M-01061) (last visited May 14, 2014). Petitioner signed the instant federal habeas petition on January 29, 2014, and it was received in this Court on February 3, 2014.

On April 4, 2014, Respondent filed a Motion to Dismiss the instant action, arguing that the petition is untimely under 28 U.S.C. § 2244(d), and, in the alternative, that it is unexhausted. On May 14, 2014, Petitioner responded to the motion. This matter is ripe for review.

## Legal Standard

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondent's motion should be granted turns on the statue's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

## Discussion

A state judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the period" of time to seek it. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). When a petitioner fails to seek discretionary review in state court, however, he "stops the appeal process." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). In such cases, the conviction becomes final when "the time for seeking further direct review" in state court expires. *Id.*; *see also* 28 U.S.C. § 2244(d)(1)(A). Pursuant to Mississippi law, Petitioner could have moved for rehearing within fourteen days after his conviction was affirmed. *See* Miss. R. App. P. 40(a).

Because Petitioner did not file a petition for rehearing, however, his conviction became final fourteen days after his conviction was affirmed. Accordingly, Petitioner's conviction became final on June 2, 2009 (May 19, 2009, plus 14 days).[1] *See* Miss. R. App. P. 40; *see also Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'-when the time for pursuing direct review in this Court, or in state court, expires"). Therefore, absent statutory or equitable tolling, Petitioner's petition for federal habeas relief was due on or before June 2, 2010, to be deemed timely.

Petitioner's federal habeas petition was "filed" sometime between January 29, 2014, and February 3, 2014. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). Either date is well past the one-year statute of limitations imposed by the AEDPA, which expired in Petitioner's case on June 2, 2010. Thus, the instant petition is untimely unless statutory and/or equitable tolling are applicable in this case.

The federal limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief. *Grillette v. Warden*, 372 F.3d 765, 769 (5th Cir. 2004) (citations omitted). Petitioner's first post-conviction filing did not occur in this case until July 2, 2012.[2] Petitioner argues that his petition is timely because his "year for total state exhaustion has not expired." (ECF no. 1, 13). However, Petitioner did not seek post-conviction relief in State

---

[1] The Court notes that the exceptions of § 2244(d)(1)(B-D) are inapplicable in this case.

[2] Petitioner filed a petition for habeas corpus in the circuit court on July 2, 2007, but that application challenged a separate conviction for armed robbery. (*See* R. Mot. to Dismiss, Ex. D).

4

court until well after the expiration of the one-year deadline prescribed by the AEDPA. Therefore, he is not entitled to statutory tolling for the period of time that his post-conviction application was pending. *See* 28 U.S.C. § 2244(d)(2) (tolling the federal statute of limitations while a "properly filed" application is pending). Accordingly, federal habeas relief is available to Petitioner only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

While equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights," there is no indication in the record to conclude that either circumstance is applicable to Petitioner's delay. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). There are no "rare and exceptional" circumstances in this case that would warrant equitable tolling, and the instant petition will be dismissed as untimely.

The Court finds, alternatively, that the instant petition should be dismissed with prejudice for Petitioner's failure to exhaust his State court remedies. A petitioner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the

5

opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

As discussed above, Petitioner has never properly submitted his claims to the State's highest court for review. Petitioner no longer has an opportunity to submit his claims to the Mississippi Supreme Court in a procedurally proper manner. Consequently, Petitioner has technically exhausted the claims in the instant petition, and the claims are considered procedurally defaulted. *See Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) ("[W]hen federal habeas claims are technically exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts. . . [,] there is no substantial difference between nonexhaustion and procedural default.") (citations and internal quotation marks omitted). The Court is barred from reviewing a procedurally defaulted claim absent Petitioner's affirmative showing of cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would result from the Court's failure to consider the claim. *See, e.g., Sones v. Hargett*, 61 F.3d 410, 416, 418-19 (5th Cir. 1995). No such showing has been made in this instance, and Petitioner has procedurally defaulted his federal habeas claims.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because Petitioner's petition for writ of habeas corpus is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

**Conclusion**

For the reasons set forth herein, the Court **GRANTS** Respondent's "Motion to Dismiss Pursuant to § 2244(d)" and **DISMISSES** with prejudice the petition filed in this cause. A certificate of appealability is **DENIED**, as Petitioner failed to show his petition timely and to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**SO ORDERED** this the 28th day of May, 2014.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**